UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

|  |  |  |
|---|---|---|
| MICHAEL JAMES KRUSELL, | ) | |
| Plaintiff, | ) | Case No. 1:15-cv-1159 |
| v. | ) | Honorable Paul L. Maloney |
| SAM HUNT, | ) | |
| Defendant. | ) | |

## **REPORT AND RECOMMENDATION**

This is a civil rights action brought *pro se* by a state prisoner under 42 U.S.C. § 1983. Plaintiff is proceeding *in forma pauperis*, and he was in the custody of Michigan Department of Corrections at the time he filed the complaint. He has since been released from prison.

On May 30, 2018, defendant filed a motion for an order requiring plaintiff to show cause why he should not be held in contempt for his unwillingness to attend his deposition.[1] (ECF No. 65). In the alternative, defendant sought an order compelling plaintiff's deposition appearance and an award of reasonable expenses. (*Id.*, PageID.506). Discovery closed June 6, 2018. (Amended Case Management Order,

---

[1] This would have been plaintiff's second deposition. The Amended Case Management Order authorized the taking of this deposition. (ECF No. 54, PageID.474). This followed the Court's decision, denying in part defendant's motion for summary judgment, leaving plaintiff's claim for excessive force against defendant Sam Hunt. (ECF No. 49, 53).

ECF No. 54, PageID.474).

On June 13, 2018, plaintiff filed a response to defendant's show-cause motion. (ECF No. 66). In that response, plaintiff noted a "temporary" change of address; he discussed his financial and health problems; and he reiterated his claim of being subject to "cruel/inhumane" treatment by defendants. (*Id.*, PageID.517-18). None of these statements appear to justify his refusal to sit for his deposition. His only argument against the deposition is his bald assertion that it was "illegal" and that he had an emergency relating to his father's "grand mall seizure." (*Id.*, PageID.517).

I issued a notice on June 18, 2018, scheduling a hearing on the show-cause motion for June 27, 2018, at 2:00 p.m. (ECF No. 67). I opened Court on that date and time; defendant's counsel was present, but plaintiff failed to appear. (Minutes, ECF No. 68). Accordingly, I issued an order requiring plaintiff to appear in person on July 24, 2018, and to show cause why he should not be held in civil contempt for his failure to appear at the June 27 hearing. (ECF No. 70).[2] That order admonished plaintiff that his failure to appear at the July 24 hearing could result in an arrest warrant being issued against him and/or the dismissal of this lawsuit. (*Id.*, PageID.524). That order was sent to plaintiff by first-class mail.

Shortly before the scheduled hearing today, plaintiff contacted my chambers by phone and spoke to my Courtroom Deputy. Plaintiff advised that he would not be coming to the hearing, noting that he was in "debtor's prison." He also noted that he

---

[2] I had issued the show-cause order originally on June 27, 2018 (ECF No. 69), but later learned that a copy of that order had not been sent to plaintiff.

was making the telephone call while standing on the public street. During the conversation, plaintiff indicated that he may attend the hearing, after all.

I opened court today at the time designated for the show-cause hearing. (Minutes, ECF No. 71). Counsel for defendant appeared. Once again, plaintiff failed to appear.

### Recommended Disposition

Plaintiff has failed to articulate a reasonable basis for his unwillingness to attend his deposition. Plaintiff has also failed to account for his repeated violation of the Court's orders, including the Amended Case Management Order and the show-cause order. Accordingly, I recommend that this case be dismissed, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v), for failure to participate in discovery and for repeated violations of the Court's order.

Dated:  July 24, 2018            /s/  Phillip J. Green
                                 PHILLIP J. GREEN
                                 United States Magistrate Judge

### NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).